**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RANSON R. FULLINWIDER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **No. 4:16-cv-168** |
| | § | **Jury Trial Demanded** |
| **LLOYD'S REGISTER DRILLING** | § | |
| **INTEGRITY SERVICES, INC.,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, **RANSON R. FULLINWIDER** bringing this collective actions

and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid

wages, unpaid overtime wages and illegal deductions from Defendant, Lloyd's Register Drilling

Integrity Service, Inc.

**I. NATURE OF SUIT**

1.      The Fair Labor Standards Act ("FLSA"), is designated to eliminate "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its

humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay,

minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a),

207(a) and 211(c).

2.      Defendant violated the FLSA by failing to pay nonexempt employees at one and

one half times their regular rates of pay for hours worked in excess of forty (40) hours per each

seven (7) day work week.

3.      Plaintiff brings this collective action under section 216(b) of the FLSA on behalf

of himself and all other similarly situated employees in order to recover illegal deductions,

unpaid wages, and unpaid overtime compensation.

## II. Jurisdiction and Venue

4.          Plaintiff's claim arises under the FLSA. 29 U.S.C. § 201, *et seq.* Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.          Venue is proper in this district pursuant to 28 U.S.C. § 1391(b,c) because a substantial part of the events or omissions giving rise to the claim occurred in this district Defendant regularly conducts business in this district.

## III. Parties

6.          Plaintiff, Ranson R. Fullinwider, is an individual residing in Harris County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) years period preceding the filing of this action. In performing his duties, Fullinwider was engaged in commerce or in the production of goods for commerce. Fullinwider regularly worked in excess of forty (40) hours per week. However, Fullinwider did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and half as required by the FLSA.

7.          Defendant, Lloyd's Register Drilling Integrity Service, Inc. ("Lloyd's Register"), is a Delaware corporation with its principal place of business in Delaware. Lloyd's Register may be served with process through its registered agent, Corporation Service Company dba CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8.          Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was

done in the routine and normal course and scope of employment of the Defendant officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

9.     Defendant is in the business of providing subsea engineers and systems and control surveyors to offshore oil well operators.

10.     From approximately December 23, 2011 through January 22, 2014, Fullinwider was employed by West Hou, Inc., Defendant's predecessor, and then by Defendant following its merger with West Hou, Inc. in the capacity of "subsea Engineer" and "Systems & Controls Surveyor."

11.     Subsea Engineers, including Fullinwider, are responsible for composing reports of inspection operations of the blow-out preventers and marine riser packages in a predetermined time schedule; conduct incident investigations, feasibility, and maintenance system reviews as per client requirements.

12.     Systems & Controls Surveyors, including Fullinwider, are responsible for conducting rig acceptance, condition, and selection surveys; compose reports of inspection operations of the blow-out preventers and marine riser packages in a predetermined time schedule; conduct incident investigations, feasibility, and maintenance system reviews as per client requirements.

13.     Systems Engineers regularly work in excess of forty (40) hours per week.

14.     Systems & Controls Surveyors regularly work in excess of forty (40) hours per week.

15.     Defendant did not pay Systems Engineers or Systems & Controls Surveyors, including Fullinwider overtime wages as required by the FLSA.

16.     System Engineers and Systems & Controls Surveyors, including Fullinwider, are paid at an hourly rate.

### V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.     Defendant Failed to Properly Compensate Plaintiff at the Rate of Time and One Half for All Overtime Hours.**

17.     On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

18.     As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one half his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. *See* 29 U.S.C. § 207(a).

19.     Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one half times his regular rate.

20.     Instead, Defendant compensated Plaintiff his hourly rate for the number of hours actually worked during each seven (7) day workweek.

21.     As a result, Plaintiff was regularly "shorted" on his paychecks by not being paid at a rate of time and a half for hours worked in excess of forty (40).

22.     In the event that Defendant classified Plaintiff as exempt from overtime, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

23.     Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.** **Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

24.    The illegal pattern or practice on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

25.    No exemption excuses Defendant for failing to pay Plaintiff at his proper overtime rate of time and a half for all hours worked in excess of forty (40) or for making improper deductions from his pay.

26.    Defendant has not made a good faith effort to comply with the FLSA.

27.    Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding improper deductions, overtime compensation and the payment of wages to Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

29.    On information and belief, other employees have been victimized by Defendant's patterns, practices, and policies identified *supra* in violation of the FLSA.

30.    These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, received similar improper deductions from their pay and/or were denied overtime compensation at a rate of time and a half for hours worked in excess of forty (40).

31.    Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

32.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

33.     All employees of Defendant's, regardless of their rate of pay, who suffered improper deductions or were not paid at their proper overtime rate for hours worked in excess of forty (40), are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former subsea engineers, systems & controls surveyors, or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendant during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and (3) were compensated on a fixed, weekly basis or any other basis where they were not properly paid at a rate of time and a half for hours worked in excess of forty (40) or who had improper deductions subtracted from their pay.

34.     Plaintiff has retained counsel well versed in FLSA collective action litigation and is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

## VII. CAUSE OF ACTION – FAILURE TO PAY WAGES

35.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

36.     Defendant's practice of failing to pay proper compensation for all hours worked and failing to pay overtime compensation at one and one half the respective employees' regular time rate for all hours worked in excess of forty (40) hours to nonexempt employees is in direct violation of the FLSA. 29 U.S.C. § 207(a).

37.     Defendant violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation.

6

38.     Plaintiff is entitled to payment for all hours worked in excess of forty (40), an amount that is one and one half times his regular rate of pay, and for all improper deductions.

39.     Plaintiff is entitled to liquidated damages in an amount equal to one and one half times all hours worked in excess of forty (40) as a result of Defendant's failure to comply with the guidelines of the FLSA.

### VIII. CAUSE OF ACTION – TEXAS PAYDAY ACT VIOLATIONS

40.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

41.     Defendant, as Plaintiff's employer, are obligated under the Texas Payday Act to pay Plaintiff for all hours worked. *See* TEX. LABOR CODE § 61, *et seq.*

42.     Defendant's failure to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) places Defendant in violation of the Texas Payday Act.

### IX. REQUEST FOR PRELIMINARY INJUNCTION – SPOLIATION OF EVIDENCE

43.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

44.     Plaintiff and all other potential Members of the Class will suffer irreparable harm if Defendant is not enjoined from this moment and during the pendency of this lawsuit from destroying any records which are in any way related to the above described matters, including any correspondence between Defendant, Plaintiff and Members of the Class, and any records required to be maintained by the FLSA.

45.     There is substantial likelihood that Plaintiff will prevail at trial on the merits.

46.     The harm that will result is irreparable to Plaintiff because Plaintiff will not be able to replicate the destroyed evidence.

47.     Plaintiff has no adequate remedy at law if Defendant destroys any records.

## X. JURY REQUEST

48.     Plaintiff requests a trial by jury.

## PRAYER

49.     WHEREFORE, Plaintiff and all similarly situated nonexempt/exempt employees who join this action respectfully request this Court:

a.   Authorize the issuance of notice at the earliest possible time to all Defendant's employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

b.   Declare Defendant have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

c.   Declare Defendant's violations of the FLSA to be willful;

d.   Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

e.   Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

g.   Enter an injunction restraining Defendant from destroying any records;

h.   Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

i.   Award expert witness fees incurred by Plaintiff in the preparation and prosecution of

this action;

j.   Award pre-judgment and post-judgment interest as allowed by law;

k.   Award costs of court and costs of prosecuting Plaintiff's claim; and

l.   Award such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,
THE TREVIÑO LAW FIRM


By: _____/s/ Lu Ann Treviño_____
Lu Ann Treviño
Texas Bar No. 24008180
Federal Id. No. 26070
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
(713) 341-7550 - Telephone
(888) 896-2102 - Fax
latrevino@trevino-law.com
**ATTORNEY FOR PLAINTIFF**