IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANSON R. FULLINWIDER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | NO. 4:16-CV-168 |
| | § | |
| LLOYD'S REGISTER DRILLING | § | |
| INTEGRITY SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## JOINT MOTION TO APPROVE SETTLEMENT

The plaintiff, Ranson Fullinwider (Fullinwider), on behalf of himself and others similarly situated, and the defendant, Lloyd's Register Drilling Integrity Services, Inc. (Lloyd's Register), file this Joint Motion to Approve Settlement and for and in support would show the Court as follows:

### I. INTRODUCTION

This is a lawsuit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Fullinwider filed this lawsuit against Lloyd's Register alleging that he and other similarly situated employees were not paid overtime compensation for all hours worked in excess of forty hours per week.

After conducting discovery and amicably exchanging information, the Parties have agreed to resolve the claims at issue. The amount of settlement is confidential and will be submitted separately to the Court under seal.

The specific terms of the settlement, including the notice and claims process and relevant deadlines, are set forth in the Settlement Agreement. *See* Exhibit 1, under seal. This settlement is the result of arm's length bargaining by competent counsel with wage and hour experience,

1

and a high level of familiarity and understanding of the relevant facts and legal issues applicable to this case. The Parties believe that the settlement is fair and reasonable and in the best interests of Ranson, as no other individual has joined this suit. The Parties also represent that the settlement resolves *bona fide* disputes between the Parties, including whether Lloyd's Register's payment practices violated the FLSA.

## II.   AMOUNT OF SETTLEMENT

The amount of settlement is confidential and is provided to the Court under seal. Fullinwider shall be entitled to an amount based upon a potential damages assessment that is based on the actual hours he worked and his regular rate. Attorney's fees and expenses are being paid as well.

## III.   COURT APPROVAL

The Parties seek Court approval of this proposed settlement agreement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *Camp v. The Progressive Corp, et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a *bona fide* dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

The Parties believe that the terms and conditions of this settlement as set forth in the Stipulation are fair, reasonable, and in the best interests of the Parties. As noted above, the Parties exchanged information about Lloyd's Register's pay practices and the hours worked by the Fullinwider. Because of the various defenses asserted by Lloyd's Register and the possibility that Lloyd's Register may have successfully defeated some or all of Fullinwider's claims,

2

including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of *bona fide* disputed claims. Moreover, given the strong likelihood that, absent a settlement, this case would have proceeded to trial, a compromise of claims permits the Parties to avoid costs and expenses associated with trial and appeal.

## IV.   CONDITIONAL DISMISSAL

The Parties request that the Court approve the settlement and enter a final order dismissing with prejudice all claims in this lawsuit according to the terms of the Stipulation and Settlement Agreement.

## V.   CONCLUSION

For all of the foregoing reasons, the Parties request that this Court grant this motion.

Dated October 24, 2016                                    Respectfully submitted:

>                                    */s/ Lu Ann Treviño (w/permission)*
>                                    Lu Ann Treviño
>                                    Texas Bar No. 24008180
>                                    Federal Id. No. 26070
>                                    THE TREVIÑO LAW FIRM
>                                    13201 Northwest Freeway, Suite 800
>                                    Houston, Texas  77040
>                                    (713) 341-7550 (Telephone)
>                                    (888) 896-2102 (Facsimile)
>
>                                    COUNSEL FOR PLAINTIFF

        */s/ Kerry E Notestine*
Kerry E Notestine (Attorney-in-charge)
Texas Bar No. 15116950
Federal Id No. 2423
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Facsimile)

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify I electronically filed the foregoing on October 24, 2016 with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lu Ann Treviño
Texas Bar No. 24008180
Federal Id. No. 26070
THE TREVIÑO LAW FIRM
13201 Northwest Freeway, Suite 800
Houston, Texas  77040


*/s/ Kerry E Notestine*
Kerry E. Notestine