## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (Agreement) is signed and entered between Ranson Fullinwider (Fullinwider) and Lloyd's Register Drilling Integrity Services, Inc. (Lloyd's Register).

WHEREAS, Fullinwider made claims against and demands on Lloyd's Register, and

WHEREAS, the Parties have agreed to settle all claims that Fullinwider has or may have against Lloyd's Register without admission by Lloyd's Register of the merits of any such claims, demands, charges, and/or contentions.

THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, and for other good and valuable consideration, the parties to this Agreement agree as follows:

1. Definitions.

   (a) "Fullinwider" as used in this Agreement means Ranson Fullinwider, and his heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys, and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this subsection.

   (b) "Released Parties" as used in this Agreement means Lloyd's Register and all related companies, predecessors, successors, assigns, businesses, affiliates, subsidiaries, divisions, holding companies, parent companies, partnerships, limited partnerships, partners, and any of their officers, directors, trustees, conservators, employees, agents, contractors, representatives, shareholders, stockholders, owners, heirs, devisees, legatees, executors, administrators, insurers, subrogees, and attorneys, and their heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys, and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this subsection.

2. Payments and Consideration. Provided Fullinwider and his counsel each provide a signed IRS Form W-9 to Lloyd's Register's counsel, Lloyd's Register will pay Fullinwider and counsel the gross amount of _____ inclusive of attorneys' fees and costs, within a reasonable time after the Effective Date of this Agreement, allocated and payable as follows:

Lloyd's Register will issue Fullinwider a Form W-2 for the payment stated in Paragraph 2(a). Lloyd's Register will issue a Form 1099 to Fullinwider and his counsel for the payment stated in Paragraphs 2(b) and 2(c). Fullinwider acknowledges that the consideration provided is in addition to anything of value to which Fullinwider already is entitled.

3. Indemnification. Fullinwider shall be solely responsible for the payment of any federal, state, or local taxes arising out of the payment of monies arising out of this Agreement. Fullinwider agrees to hold the Released Parties harmless from any and all claims, demands, rights, damages, costs or expenses resulting from any liability or claim of liability for any amount assessed by or due any federal, state, or local government or agency thereof, including but not limited to, federal, state, and local withholding and income taxes and social security taxes, with respect to payments made by Lloyd's Register to Fullinwider as set out in this Agreement. This clause is not intended nor does it purport to give Fullinwider advice or counseling concerning his federal, state, or local tax responsibilities or liabilities. Fullinwider and Fullinwider's counsel agree to complete an IRS W-9 form or provide employer identification numbers along with this Agreement.

4. Release. Fullinwider KNOWINGLY AND VOLUNTARILY RELEASES, ACQUITS, and FOREVER DISCHARGES the Released Parties from any and all claims, demands, damages, monies, injunctive relief, attorneys' fees, liabilities and/or causes of action of whatever kind or character, whether known or unknown, which Fullinwider has asserted or could have asserted against the Released Parties arising out of or relating in any way to any acts, circumstances, facts, transactions, omissions, or other subject matters, based on facts occurring prior to the date this Agreement is signed. This release includes, but is not limited to, (i) all claims made or which could have been made in civil action no. 4:16-CV-168 styled *Ranson R. Fullinwider v. Lloyd's Register Drilling Integrity Services, Inc.* pending in the United States District Court for the Southern District of Texas, Houston Division (the Lawsuit), (ii) any and all claims arising under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act of 1967 (ADEA), the National Labor Relations Act (NLRA), the Fair Labor Standards Act, Chapters 21 and 451 of the Texas Labor Code, and any other matter and/or action under federal, state, or local laws or the common law which might arise out of Fullinwider's association with, employment with, and/or termination from the Released Parties and (iii) any claims and causes of action of whatever kind or character, in tort or contract, statutory or otherwise, for legal or equitable relief.

5. Non-Admission. This Agreement is in settlement of disputed claims. Neither the payment of any sum of money nor the execution or delivery of this Agreement shall constitute or be construed as an admission, express or implied, by the Released Parties of liability, or of the truth or falsity of any of the claims made by Fullinwider which the Released Parties expressly deny, or of any matter pertaining to any claims or defenses alleged or asserted in connection with Fullinwider's association with, employment with, and/or termination from Lloyd's Register.

6. Confidentiality. The parties to this Agreement (Parties) agree that they will maintain the confidentiality of this Agreement and will not disclose in any fashion this Agreement, the amount of this settlement, and/or the substance or content of discussions involved in reaching this Agreement to any person other than the Court and the Parties' attorneys, accountants, and tax advisors as required by appropriate taxing authorities or as required by law. If inquiries are made

of either Party regarding the case, that Party will state that the case is resolved and shall not further characterize this settlement.

7. <u>Non-Disparagement</u>. Fullinwider agrees not to make statements to clients, customers and suppliers of the Released Parties or to other members of the public that are in any way disparaging or negative towards the Released Parties as broadly defined in paragraph 1(b) above or their products and services.

8. <u>Dismissal of Pending Suit and Covenant Not to Sue</u>.

(a) The parties agree that within three (3) business days following receipt by Fullinwider's counsel of the payments described in Paragraph 2 of this Agreement, the parties will file a stipulation for dismissal and an agreed order, dismissing with prejudice all causes of action against the Released Parties in the Lawsuit with cost to be borne by the Parties incurring same.

(b) Fullinwider understands that following the seven-day revocation period, this release will be final and binding. Fullinwider promises not to pursue any claim settled by this release. If Fullinwider breaks this promise, Fullinwider agrees to pay all of the Released Parties' costs and expenses (including reasonable attorneys' fees) related to the defense of any claims except this covenant not to sue does not apply to claims under the Older Worker Benefit Protection Act (OWBPA) and the ADEA. Although Fullinwider is releasing claims that Fullinwider may have under the OWBPA and ADEA, Fullinwider may challenge the knowing and voluntary nature of this release before a court, the Equal Employment Opportunity Commission (EEOC) or any other federal, state or local agency charged with the enforcement of any employment laws. Fullinwider understands, however, that if Fullinwider pursues a claim against the Released Parties under the OWBPA and/or the ADEA to challenge the validity of this release and prevail on the merits of an ADEA claim, a court has the discretion to determine whether the Released Parties are entitled to restitution, recoupment, or set off (hereinafter "reduction") against a monetary award obtained by Fullinwider in the court proceeding. A reduction never can exceed the amount Fullinwider recovers, or the consideration he received for signing this Agreement, whichever is less. Fullinwider also recognizes that the Released Parties may be entitled to recover costs and attorneys' fees incurred by the Released Parties as specifically authorized under applicable law.

9. <u>No Future Association with the Released Parties and Neutral Reference</u>. Fullinwider waives any future association, employment, contractual relationship, or any other relationship of any kind with the Released Parties as defined above in paragraph 1(b) and agrees not to apply to Lloyd's Register for any future employment. Additionally, should prospective employers contact Lloyd's Register or any successor of Lloyd's Register for a reference concerning Fullinwider, the Released Parties will provide a neutral reference for Fullinwider, disclosing only his dates of employment and positions held.

10. <u>Attorneys' Fees/Medicare Interest</u>. This Agreement is intended to settle and release any and all claims for attorneys' fees. This settlement is based upon a good faith determination of

the parties to resolve a disputed claim. The parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. §1395y(b). The parties resolved this matter in compliance with both state and federal law. The parties made every effort to adequately protect Medicare's interest and incorporate such into settlement terms.

11. Choice of Law. This Agreement is made and shall be enforced as provided under the laws of the State of Texas.

12. Waiver. No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all Parties to this Agreement.

13. Severability. The Parties agree that should any part of this Agreement be found to be void or unenforceable by a court of competent jurisdiction, that determination will not affect the remainder of the Agreement.

14. Use As Evidence. The Parties agree that this Agreement may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement or as a complete defense to any lawsuit brought by any party. Other than this exception, the parties agree that this Agreement will not be introduced as evidence in any proceeding or in any lawsuit.

15. Complete Release.

(a) This Agreement constitutes the complete and total agreement made between the Parties, and each Party represents to the other that it is not relying on any other agreements or oral representations not fully expressed in this Agreement. In executing this Agreement, Fullinwider is relying solely on Fullinwider's own judgment and has been represented by Lu Ann Trevino as legal counsel in connection with this settlement who has read and explained to Fullinwider the entire contents of this Agreement in full, as well as explained the legal consequences of the release.

(b) This Agreement constitutes the entire agreement between the Parties and shall not be modified, altered, or discharged except by written instrument signed by each of the Parties to the Agreement. The headings in this Agreement are for reference only, and shall not in any way affect the meaning or interpretation of this Agreement.

16. Review and Revocation Periods. The Released Parties advise Fullinwider to consult with an attorney before signing this Agreement. It further is understood that Fullinwider may take at least 21 days to consider the Agreement and for a period of 7 days following the execution of this Agreement in duplicate originals, Fullinwider may revoke the Agreement, and the Agreement shall not become effective or enforceable until the revocation period has expired. Fullinwider has not been asked by the Released Parties to shorten the time-period for consideration of whether to sign this Agreement. The Released Parties have not threatened to withdraw or alter the benefits due Fullinwider prior to the expiration of the 21-day period nor have the Released Parties provided different terms to Fullinwider because Fullinwider has decided to sign the release prior to the expiration of the 21-day consideration period. Fullinwider understands that having waived some portion of the 21-day consideration period, the Released Parties will expedite the

processing of benefits provided to Fullinwider in exchange for signing the release although no benefits will be paid earlier then 8 days after Fullinwider signs this Agreement. The parties agree that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

17. **Voluntary Agreement**. This Agreement has been entered into voluntarily and not as a result of coercion, duress, or undue influence. Fullinwider agrees that he has read and fully understood the terms of this Agreement and has been advised and is advised in this Agreement to consult with an attorney prior to executing this Agreement. Fullinwider represents to the Released Parties that prior to the execution of this Agreement he has been represented by an attorney and has consulted with that attorney.

18. **No Interference with Rights**. Nothing in this Agreement is intended to waive claims that may arise after Fullinwider signs this Agreement or which cannot be released by private agreement. In addition, nothing in this Agreement including but not limited to the indemnification, release of claims, confidentiality, non-disparagement, and covenant not to sue provisions(i) **limits or affects Fullinwider's right to challenge the validity of this Agreement under the ADEA or the OWBPA, (ii) prevents Fullinwider from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, the Securities and Exchange Commission, or any other any federal, state or local agency charged with the enforcement of any laws, including providing documents or any other information, or (iii) limits Fullinwider from exercising rights under Section 7 of the NLRA to engage in protected, concerted activity with other employees, although by signing this Agreement Fullinwider is waiving rights to individual relief (including backpay, frontpay, reinstatement or other legal or equitable relief) in any charge, complaint, or lawsuit or other proceeding brought by Fullinwider or on Fullinwider's behalf by any third party, except for any right Fullinwider may have to receive a payment from a government agency (and not Lloyd's Register) for information provided to the government agency.**

Signed: _____  11-16-2016
Ranson Fullinwider                   Date

_____            11-17-2016
Representative for                   Date
Lloyd's Register

5